1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PILAR CASTANEDA,

11          Plaintiff,                      No. 2:12-cv-00524 MCE KJN PS

12      v.

13   AMTRAK,

14          Defendant.                      ORDER
     _____/

15

16          Plaintiff, who is proceeding without counsel, filed her complaint in this wrongful

17   termination action on February 28, 2012.  Presently before the court is plaintiff's application to

18   proceed without prepayment of fees, or in forma pauperis (Dkt. No. 3).[1]

19          Plaintiff's application in support of her request to proceed in forma pauperis

20   makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants

21   plaintiff's request to proceed in forma pauperis.

22          The determination that a plaintiff may proceed in forma pauperis does not

23   complete the required inquiry.  The court is also required to screen complaints brought by parties

24   proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

25   _____

26          [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

The undersigned cannot conclude on the present record that plaintiff's action is frivolous, that her complaint fails to state claims on which relief can be granted, or that she seeks monetary relief from an immune defendant.  The undersigned reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading.  Accordingly, the undersigned will order service of the complaint on defendant Amtrak.

However, plaintiff also appears to assert a claim or claims on behalf of another individual named Elias Banales, a co-worker of plaintiff's at Amtrak.  Banales is not a plaintiff in this case, and plaintiff may not assert claims for relief on behalf of another individual.  Accordingly, defendant should disregard any allegations in the complaint purporting to assert claims on behalf of, and seeking relief for, Banales.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 3) is granted.

2. Service of plaintiff's complaint is appropriate for the following defendant: Amtrak.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

1              5.       Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

2                    a.       One completed summons;

3                    b.       One completed USM-285 form for each defendant to be served;

4                    c.       A copy of the complaint for each defendant to be served, with an

5  extra copy for the U.S. Marshal; and

6                    d.       A copy of this court's scheduling order and related documents for

7  each defendant to be served; and

8              6.       Plaintiff shall supply the United States Marshal, within 30 days from the

9  date this order is filed, all information needed by the Marshal to effectuate service of process, and

10  *shall, within 10 days thereafter, file a statement with the court that such documents have been*

11  *submitted to the United States Marshal.*

12              7.       The U.S. Marshal shall serve process, with copies of this court's

13  scheduling order and related documents, within 90 days of receipt of the required information

14  from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days*

15  *thereafter, file a statement with the court that such documents have been served.* If the U.S.

16  Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall

17  promptly report that fact, and the reasons for it, to the undersigned.

18              8.       The Clerk of Court shall serve a copy of this order on the United States

19  Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

20              9.       Plaintiff's failure to comply with this order may result in a

21  recommendation that this action be dismissed.

22             IT IS SO ORDERED.

23  DATED:  March 5, 2012

24                             KENDALL J. NEWMAN

25                             UNITED STATES MAGISTRATE JUDGE

26