UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PILAR CASTANEDA,

        Plaintiff,

  v.

AMTRAK,

        Defendant.

No. 2:12-cv-0524-MCE-KJN PS

ORDER

    Plaintiff Pilar Castaneda, proceeding without counsel, commenced this action on February 28, 2012. (ECF No. 1.)[1] On August 21, 2013, defendant Amtrak filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 26.) The motion was noticed for hearing on September 19, 2013. (Id.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date, i.e., by September 5, 2013. See E.D. Cal. L.R. 230(c).[2] Although that deadline has now passed, the court's docket reveals that plaintiff

---

[1] This case presently proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1). On September 5, 2013, Amtrak filed a consent to proceed before a United States magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c), which means that all parties have now so consented. (ECF Nos. 8, 31.) If the district judge elects to refer the case to the undersigned for all purposes, an order to that effect will be issued separately.

[2] More specifically, Eastern District Local Rule 230(c) provides:

1

failed to file a written opposition or statement of non-opposition with respect to the motion for summary judgment.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

---

**(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

In light of plaintiff's pro se status and the court's desire to resolve plaintiff's claims on the merits, the court finds it appropriate to provide plaintiff with <u>one final additional opportunity</u> to oppose defendant Amtrak's motion for summary judgment, if plaintiff intends to do so. The court will also modify the August 10, 2012 pretrial scheduling order (ECF No. 17) and extend the law and motion completion deadline, which is presently set for September 19, 2013, for the *limited purpose* of permitting a continued hearing and briefing schedule on Amtrak's pending motion for summary judgment. All other deadlines in the August 10, 2012 pretrial scheduling order will remain unchanged, subject to any further order of the court.

If plaintiff elects to oppose the motion for summary judgment, plaintiff shall file his opposition and supporting materials in compliance with Local Rule 260. In particular, Local Rule 260(b) provides, in part, that:

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j).

E.D. Cal. L.R. 260(b).[3] Failure to comply with these provisions may result in any appropriate sanctions, including that defendant Amtrak's proposed undisputed facts be deemed undisputed for purposes of the motion for summary judgment.

---

[3] A copy of the court's Local Rules can be obtained from the Clerk's Office or on the court's website at http://www.caed.uscourts.gov.

3

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The September 19, 2013 hearing on defendant Amtrak's motion for summary judgment is VACATED and CONTINUED to Thursday November 7, 2013 at 10:00 a.m. in Courtroom No. 25 before the undersigned.

2. Plaintiff shall file any opposition in accordance with this order, the Federal Rules of Civil Procedure, and the Local Rules *no later than October 10, 2013*. Alternatively, plaintiff may file a statement of non-opposition to the motion for summary judgment no later than October 10, 2013.

3. Defendant Amtrak may file a reply brief to plaintiff's opposition, if any, no later than October 24, 2013. No further briefing will be permitted, unless requested by the court.

4. The law and motion completion deadline, which is presently set for September 19, 2013, is extended to November 7, 2013 for the *limited purpose* of permitting a continued hearing and briefing schedule on Amtrak's pending motion for summary judgment. All other deadlines in the August 10, 2012 pretrial scheduling order will remain unchanged, subject to any further order of the court.

5. *Plaintiff is cautioned that failure to file a timely and compliant opposition or statement of non-opposition to the motion for summary judgment will be deemed a statement of non-opposition to the motion, and may result in dismissal of the entire action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

IT IS SO ORDERED.

Dated: September 9, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE