UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PILAR CASTANEDA,<br><br>   Plaintiff,<br><br>  v.<br><br>AMTRAK,<br><br>   Defendant. | No.  2:12-cv-0524-KJN PS<br><br><br>ORDER |

   By this order, the court directs that plaintiff's action be dismissed with prejudice and that the case be closed.[1]  Plaintiff twice failed to file an opposition to defendant's motion for summary judgment, despite plaintiff having been clearly warned of the consequences for failing to do so.

BACKGROUND

   Plaintiff Pilar Castaneda, proceeding without counsel, commenced this action on February 28, 2012.  (ECF No. 1.)  On August 21, 2013, after discovery had closed earlier that month, defendant Amtrak filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (ECF No. 26.)  The motion was initially noticed for hearing on September 19, 2013, which was the last date that dispositive motions could be heard under the pretrial

---

[1] Pursuant to the parties' voluntary consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), the action proceeds before the undersigned for all proceedings and entry of final judgment.  (ECF Nos. 8, 31, 34.)

1

scheduling order deadline then in effect.  (ECF Nos. 17, 26.)  Plaintiff failed to file an opposition or statement of non-opposition to that motion in accordance with Local Rule 230(c).

In light of plaintiff's pro se status and the court's desire to resolve the action on the merits, the court issued an order on September 10, 2013, continuing the hearing on the motion for summary judgment and providing plaintiff with an additional opportunity to file an opposition or statement of non-opposition to the motion no later than October 10, 2013.  (ECF No. 32.)  The court also modified the pretrial scheduling order by continuing the law and motion completion deadline for the limited purpose of permitting a continued hearing and briefing schedule on Amtrak's pending motion for summary judgment.  (Id.)  Additionally, the court specifically referred plaintiff to the requirements of Local Rule 260 that pertain to opposing a motion for summary judgment.  (Id.)  In that order, the court warned plaintiff that his "*failure to file a timely and compliant opposition or statement of non-opposition to the motion for summary judgment will be deemed a statement of non-opposition to the motion, and may result in dismissal of the entire action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*  (Id.) (emphasis in original).

Although the October 10, 2013 deadline has now passed, the court's docket reveals that plaintiff failed to file a written opposition or statement of non-opposition[2] with respect to the motion for summary judgment in accordance with the court's order.[3]

////

---

[2] On September 19, 2013, plaintiff filed a copy of September 17, 2013 e-mail correspondence that plaintiff apparently had with a law firm regarding potential representation of plaintiff.  (ECF No. 35.)  However, even liberally construed, this filing is not in any way responsive to defendant's motion for summary judgment or the court's order.  Furthermore, since that September 17, 2013 e-mail correspondence, no attorney has entered an appearance on behalf of plaintiff, nor has plaintiff requested an extension of time for any retained counsel to appear.

[3] The court's orders sent to plaintiff have not been returned to the court as undeliverable.  Nevertheless, even if they had been, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address.  In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

DISCUSSION

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

3

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.

Here, the first two Ferdik factors strongly support dismissal. Plaintiff's repeated failure to oppose defendant's motion for summary judgment, despite clear warnings of the consequences, strongly suggests that plaintiff is not interested in seriously prosecuting it, or at least, does not take his obligations to the court and other parties seriously. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Indeed, plaintiff has not even moved for an extension of time on any articulated basis, let alone shown good cause for a further extension of time to comply with the court's orders. Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

The third Ferdik factor, prejudice to a defendant, also favors dismissal. Plaintiff twice failed to oppose defendant's motion for summary judgment, and at a minimum, defendant has been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action. Unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227. A party who has diligently and timely filed a motion for summary judgment should not be punished by the opposing party's persistent failure to oppose the motion on the merits.

////

1        The fifth Ferdik factor, which considers the availability of less drastic measures, also
2   supports dismissal of this action.  As noted above, the court has actually pursued remedies that
3   are less drastic than dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir.
4   1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries
5   alternatives before employing the ultimate sanction of dismissal").  Before dismissing the case
6   based on plaintiff's failure to oppose defendant's motion for summary judgment, the court
7   granted plaintiff an additional opportunity to oppose the motion and advised plaintiff that he was
8   required to actively prosecute his action and follow the court's orders.  It also warned plaintiff in
9   clear terms that failure to oppose the motion for summary judgment, or file a statement of non-
10  opposition to the motion, may result in dismissal of the action with prejudice.  Warning a plaintiff
11  that failure to take steps towards resolution of his or her action on the merits will result in
12  dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963
13  F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his
14  failure to obey the court's order will result in dismissal can satisfy the 'consideration of
15  alternatives' requirement") (citing Malone, 833 F.2d at 132-33).

16       At this juncture, the court finds no suitable alternative to dismissing the action.  In light of
17  plaintiff's repeated failure to appropriately respond to defendant's motion, despite the court's
18  explicit order, the court has little confidence that plaintiff would pay monetary sanctions if they
19  were imposed in lieu of dismissal.  Moreover, plaintiff is proceeding in forma pauperis and is
20  unlikely to be able to pay monetary sanctions.

21       The court also recognizes the importance of giving due weight to the fourth Ferdik factor,
22  which addresses the public policy favoring disposition of cases on the merits.  However, for the
23  reasons set forth above, factors one, two, three, and five support dismissal of this action, and
24  factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors
25  support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City
26  of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under
27  the circumstances of this case, the other relevant factors outweigh the general public policy
28  favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a

1 disposition on the merits has been hindered by plaintiff's own failure to comply with the court's
2 orders.
3 　　　　In sum, the court endeavors to give pro se litigants, unfamiliar with court procedures, a
4 fair opportunity to present their case.  As such, the court sua sponte granted plaintiff an extension
5 to oppose defendant's motion, provided plaintiff with cautionary instructions, and afforded
6 plaintiff some leniency with respect to the litigation.  However, at some point, leniency must give
7 way to considerations of limited court resources and fairness to the other compliant litigants.
8 CONCLUSION
9 　　　　For the foregoing reasons, IT IS HEREBY ORDERED that:
10 　　　1. The action is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil
11 　　　　　Procedure 41(b).
12 　　　2. Defendant's motion for summary judgment (ECF No. 26) is DENIED AS MOOT.
13 　　　3. The Clerk of Court is directed to close this case and vacate all dates.
14 　　　IT IS SO ORDERED.
15 Dated:  October 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE