UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PILAR CASTANEDA,

        Plaintiff,

   v.

AMTRAK,

        Defendant.

No. 2:12-cv-0524-KJN PS

ORDER

Presently pending before the court is plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[1]  (ECF No. 39.)  For the reasons discussed below, the court DENIES the motion.

BACKGROUND

Plaintiff Pilar Castaneda, proceeding without counsel, commenced this action on February 28, 2012.  (ECF No. 1.)  On August 21, 2013, after discovery had closed earlier that month, defendant Amtrak filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (ECF No. 26.)  The motion was initially noticed for hearing on September 19, 2013, which was the last date that dispositive motions could be heard under the pretrial

---

[1] Pursuant to the parties' voluntary consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), the action proceeds before the undersigned for all purposes, including the entry of final judgment.  (ECF Nos. 8, 31, 34.)

1

scheduling order deadline then in effect.  (ECF Nos. 17, 26.)  Plaintiff failed to file an opposition or statement of non-opposition to that motion in accordance with Local Rule 230(c).

Nevertheless, in light of plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court issued an order on September 10, 2013, continuing the hearing on the motion for summary judgment and providing plaintiff with "<u>one final additional opportunity</u>" to file an opposition or statement of non-opposition to the motion no later than October 10, 2013. (ECF No. 32) (emphasis in original).  The court also modified the pretrial scheduling order by continuing the law and motion completion deadline for the limited purpose of permitting a continued hearing and briefing schedule on Amtrak's pending motion for summary judgment. (<u>Id.</u>)  Additionally, the court specifically referred plaintiff to the requirements of Local Rule 260 that pertain to opposing a motion for summary judgment, quoting pertinent portions of the Local Rule.  (<u>Id.</u>)  In that order, the court warned plaintiff that his "*failure to file a timely and compliant opposition or statement of non-opposition to the motion for summary judgment will be deemed a statement of non-opposition to the motion, and may result in dismissal of the entire action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*  (<u>Id.</u>) (emphasis in original).

On September 19, 2013, plaintiff filed a copy of September 17, 2013 e-mail correspondence that plaintiff apparently had with a law firm regarding potential representation of plaintiff by the law firm.  (ECF No. 35.)  However, even liberally construed, the filing was not in any way responsive to defendant's motion for summary judgment or the court's September 10, 2013 order.  Ultimately, plaintiff again failed to file an opposition or statement of non-opposition to the motion for summary judgment by the new deadline of October 10, 2013.  As of October 10, 2013, no attorney had entered an appearance on plaintiff's behalf, nor had plaintiff even requested a further extension of time to oppose the motion for summary judgment or to obtain counsel.

Therefore, on October 16, 2013, the court, after carefully evaluating the relevant factors under <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992), dismissed the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[2]  (ECF No. 36.)  The court observed

---

[2] The court's analysis was outlined in detail in the October 16, 2013 order (<u>see</u> ECF No. 36), which is incorporated by reference, and need not be repeated here.

that it:

> endeavors to give pro se litigants, unfamiliar with court procedures, a fair opportunity to present their case. As such, the court sua sponte granted plaintiff an extension to oppose defendant's motion, provided plaintiff with cautionary instructions, and afforded plaintiff some leniency with respect to the litigation. However, at some point, leniency must give way to considerations of limited court resources and fairness to the other compliant litigants.

(Id. at 6.) That same day, the Clerk of Court entered judgment in accordance with the court's order.

Subsequently, on October 22, 2013, plaintiff filed a letter indicating that he had received the court's October 16, 2013 order two days later on October 18, 2013, and that he would forward the order to an attorney. (ECF No. 38.) The letter also discussed, and attached articles regarding, various issues that did not pertain to defendant's motion or the court's orders, including a government shutdown and computer glitches involving government agencies and an airline. (Id.)

Thereafter, on June 19, 2014, approximately 8 months after judgment was entered, plaintiff, now appearing through an attorney, Sean Michael Patrick, filed the instant motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 39.) On July 7, 2014, defendant filed an opposition to the motion. (ECF No. 40.) The motion was subsequently submitted without oral argument pursuant to Local Rule 230(g), but plaintiff was granted an opportunity to file an optional reply brief no later than July 15, 2014. (ECF No. 41.) No optional reply brief was filed.

DISCUSSION

Plaintiff moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) based on his asserted "mistake, inadvertence, surprise, or excusable neglect as a *pro per* litigant." (ECF No. 39 at 2.) See Fed. R. Civ. P. 60(b) (granting district courts discretion to provide relief upon a showing of "mistake, inadvertence, surprise, or excusable neglect"); School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The term "excusable neglect" covers cases of negligence, carelessness, or inadvertent mistake where such conduct is found to be excusable. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394-95 (1993); Briones v. Riviera Hotel & Casino, 116

1   F.3d 379, 381 (9th Cir. 1997).  The determination of whether a party's neglect is excusable "is at
2   bottom an equitable one, taking account of all relevant circumstances surrounding the party's
3   omission."  Pioneer Inv. Servs. Co., 507 U.S. at 395.  Relevant factors to consider include, but are
4   not limited to, the danger of prejudice to the opposing party, the length of the delay and its
5   potential impact on the proceedings, the reason for the delay, and whether the movant acted in
6   good faith.  Briones, 116 F.3d at 381.
7       Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time – and
8   [when brought under Rule 60(b)(1)] no more than a year after the entry of the judgment or order
9   or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).
10      As an initial matter, the court observes that it is sympathetic to the difficulties faced by
11  *pro se* litigants in prosecuting their cases in federal court.  For that very reason, it is the court's
12  general practice to provide *pro se* litigants with certain circumscribed accommodations, including
13  limited, appropriate extensions of time; cautionary instructions; and liberal construction of their
14  pleadings and filings.  That said, *pro se* litigants "are not excused from following court rules" and
15  are expected to comply with the Local Rules and the court's orders like any other litigant.
16  Briones, 116 F.3d at 382.  As such, in order to be entitled to relief pursuant to Rule 60(b)(1),
17  plaintiff is required to show that his previous failures and delays are excusable when all the
18  surrounding equitable circumstances are considered.
19      The court finds that plaintiff's conduct here does not amount to excusable neglect.
20  Plaintiff twice failed to file an opposition to defendant's motion for summary judgment, even
21  after the court granted plaintiff an extension to do so, provided plaintiff with basic instructions on
22  how to oppose the motion by reference to Local Rule 260, and expressly cautioned plaintiff that
23  failure to file a timely and compliant opposition may result in dismissal of the entire action with
24  prejudice pursuant to Rule 41(b).  Notably, plaintiff did not even make a serious attempt to file a
25  compliant opposition, nor did he request a further extension of time to oppose the motion based
26  on any articulated circumstances.
27      In his present motion, plaintiff contends that he mistakenly, but in good faith, believed
28  that his September 19, 2013 filing, which merely enclosed e-mail correspondence that plaintiff

4

had with a law firm regarding potential representation, was sufficient to respond to the court's order providing plaintiff with an additional opportunity to oppose the motion for summary judgment. However, that claim is not credible, given that the September 19, 2013 filing cannot even be liberally construed as an opposition to the motion for summary judgment, especially in light of the court's instructions in the September 10, 2013 order. Plaintiff's filing did not attempt to address any issue or argument raised in defendant's motion, did not cite to any law or evidence, and did not purport to dispute any of the material facts identified by defendant. At best, the filing indicated that plaintiff was still trying to find an attorney to represent him, but such efforts did not excuse plaintiff from complying with court orders. As noted above, plaintiff did not even request a further extension of time.

Moreover, even if the court were to find that plaintiff's initial purportedly mistaken assumption concerning the September 19, 2013 filing was excusable, plaintiff fails to explain why he then waited approximately *eight months* before seeking reconsideration of the order dismissing the case and the corresponding judgment. Plaintiff acknowledged that he received the court's October 16, 2013 order dismissing the action on October 18, 2013 (ECF No. 38), and at that point, he must have realized that the court did not in fact deem his September 19, 2013 filing sufficient. Nevertheless, instead of taking prompt action at that point, plaintiff did nothing for months. Plaintiff may well have continued looking for, and only recently found, an attorney to represent him, but his interim *pro se* status was not in itself a sufficient excuse for effectively abandoning the action for an extended period of time.

In light of the above, the court finds that the length of the delay and plaintiff's failure to provide a good reason for the long delay militate against finding excusable neglect.

Furthermore, although it is not apparent that plaintiff necessarily acted with bad faith, it is equally unapparent, for the reasons discussed above, that plaintiff acted in good faith. Plaintiff is ultimately responsible for following court rules and reading court orders, and even a person not trained in the law should have known that failure to promptly act on a dismissal order for numerous months would adversely affect his ability to later set aside that order.

////

5

Finally, defendant here would be prejudiced by setting aside the judgment at this late juncture. Although the mere inconvenience of having to defend an already-dismissed case may in many cases not be sufficient in itself to deny relief, especially where any delay was relatively brief, plaintiff's failures here resulted in a delay of at least eight months, and the time for appealing the court's dismissal order has now expired. Furthermore, plaintiff not only seeks to reopen the case and oppose defendant's motion for summary judgment on the merits, but actually wishes to re-open discovery, which had already closed prior to the filing of defendant's motion for summary judgment and dismissal of the action. Granting plaintiff's requested relief would be fundamentally unfair to defendant, who diligently and timely filed a motion for summary judgment after discovery had closed and should not now be required to face the burdens and expenses of discovery all over again.

Therefore, after considering all the relevant factors and equitable circumstances, the court concludes that plaintiff's failures do not constitute excusable neglect. For the same reasons discussed above, plaintiff cannot credibly claim mistake, inadvertence, or surprise. As such, the court denies plaintiff's motion for relief from the judgment.

Plaintiff's motion should also be denied on the independent procedural ground that it was not "made within a reasonable time" in accordance with Federal Rule of Civil Procedure 60(c)(1). See Meadows v. Dominican Republic, 817 F.2d 517, 520-21 (9th Cir. 1987) (holding that a motion for relief from judgment pursuant to Rule 60(b)(1) may be denied, although it was filed within the one year period, if the moving party unreasonably delayed bringing the motion). As noted above, plaintiff provided no reasonable and acceptable explanation for an approximately 8-month delay in bringing this motion, despite acknowledging notice of the court's prior order dismissing the case.

In addition to moving for relief from the judgment, plaintiff has also requested modification of the pretrial scheduling order in various respects. Because the court denies plaintiff's motion for relief from the judgment, plaintiff's additional request for modification of the pretrial scheduling order is moot.

////

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 39) is DENIED.
2. Plaintiff's remaining requests concerning modification of the pretrial scheduling order are DENIED AS MOOT.
3. No further motions for reconsideration will be entertained in this already-closed case.

IT IS SO ORDERED.

Dated: July 18, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE